

315 W. Ponce de Leon Ave., Ste. 715
Decatur, Georgia 30030
404.948.3022

April 29, 2026

**<u>VIA CM/ECF</u>**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: *The Town of Pine Hill, Alabama v. 3M Company*, Case No. 25-10746

Dear Mr. Smith:

Per the direction of the Court (ECF 59), this letter brief addresses the impact of the Supreme Court's decision in *Chevron USA Inc. v. Plaquemines Parish, Louisiana*, 608 U.S. ___ (Apr. 17, 2026) on this matter. While the *Chevron* opinion takes a broad view of Section 1442(a)(1)'s requirement that an action removable under this provision must be "for or relating to any act under color of such [federal] office," nothing in the opinion changes the appropriate outcome in this case. 3M has still failed to plausibly allege the required federal connection, and Pine Hill's Alabama state law tort claims belong in Alabama state court.

In interpreting the 2011 amendment of Section 1442(a)(1), *Chevron* appears to reject the more rigorous causal-nexus analysis of *Jefferson County v. Acker*, 527 U.S. 423 (1999), but is also careful to note that even an expansive view of the "relating to" language is not so broad as to be meaningless. Op. at 7-8, 8 n.3. Importantly for this matter, the Court reiterated the need for a party seeking removal to "plausibly allege" a close relationship between the challenged conduct and the performance of its federal duties. *Id.* at 9.

Factually, the *Chevron* Opinion is instructive in its distinctions from this record. Chevron was able to plausibly allege a sufficiently close relationship between the conduct targeted in the complaint and the performance of its federal duties (and therefore satisfied "relating to" requirement) by its reliance on a report from a plaintiff's expert that conceded a connection. Op. at 5 ("Plaquemines Parish filed an expert report . . . that made clear that it intended to challenge certain


defendants' crude-oil production during the Second World War. . . . All agree at this stage that this report reflects the parishes' general theories of liability across the 42 suits."), 9 (describing content of expert report).  Chevron's notice of removal specifically referenced that expert report alongside the allegations in the complaint in support of its theory that the plaintiff's claims would target acts related to its performance of federal duties during the war.  *Id.* at 6.

In contrast, 3M has not plausibly alleged sufficient facts to meet the *Chevron* standard that this action is "for or relating to" its federal duties.  The *sole* basis for 3M's removal theory is that its MilSpec AFFF was used at Maxwell Air Force Base, located near the Alabama River and upstream from Pine Hill.  Unlike the *Chevron* Defendant, 3M has not alleged that it ever actually supplied MilSpec AFFF to Maxwell, or that any 3M-produced AFFF was even used at Maxwell.  3M points to no other potential sources of MilSpec AFFF pollution or contamination which could implicate federal officer jurisdiction.  Finally, 3M has not alleged that any AFFF has even left the boundaries of the base, nor has it made any specific allegation that it traveled miles downriver to contaminate Pine Hill's drinking water.  *See* JA1 ¶ 2 ("3M *and others* developed and sold [MilSpec AFFF] to the U.S. military" (emphasis supplied)), ¶ 26 (citing report that AFFF was used at Maxwell, but not specifying that 3M-produced product was used there or that 3M ever supplied AFFF for Maxwell).  The relied on report documents release of AFFF on the base, but not into the environment or waterways outside the base, and not into the Alabama River—in fact, the report says it is unlikely to have reached any distance from the base ("It is unlikely that PFAS in the surficial aquifer has migrated any considerable distance beyond the western installation boundary.").  It is on these facts alone, as pled in its removal notice, that 3M must rely on, and these allegations do not establish that this is a suit "for or relating to" the performance of any federal duties.



*Chevron* concluded that a party seeking removal pursuant to Section 1442 must plausibly allege facts that would establish a close connection to the performance of its federal duties.  Op. at 10.  3M has not done so, and this case is properly remanded to state court.

Respectfully,

/s/ *Anna Green Cross*
Anna Green Cross

*Counsel for Plaintiff-Appellee*

Cc:   All counsel of record